UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FUEL BARONS, INC., | ) | CASE NO. 12-51650-mgd |
| d/b/a OZOFIRE AND | ) | |
| d/b/a SUREFIRE, | ) | |
|     Debtor. | ) | |
| _____ | ) | |

### DEBTOR'S MOTION FOR ENTRY OF ORDER SETTING DEADLINE FOR CLAIMANTS TO FILE RESPONSIVE PLEADING IN ORDER TO HAVE RIGHT TO PARTICIPATE IN CONSOLIDATED DISCOVERY

COMES NOW Fuel Barons, Inc. d/b/a Ozofire, d/b/a Surefire, debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor"), and files this Motion for Entry of Order Setting Deadline for Claimants to File Responsive Pleading in Order to Have Right to Participate in Consolidated Discovery, respectfully showing as follows:

### I. JURISDICTION

1.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### II. BACKGROUND

2.  Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 24, 2012 (the "Petition Date").

3.  In 2009, Fuel Barons began manufacturing a fuel gel, which was designed to be used in certain decorative firepots or "firelites" made by Napa Home & Garden, Inc.

4.  Fuel Barons has been named as a defendant in various lawsuits, received notices of claims or received demands for indemnification, with respect to injuries or damages allegedly sustained by various persons as a result of said fuel gel.

5.  On April 16, 2012, the Court entered an Order and Notice (the "Bar Date Order") (Doc. No. 84) establishing July 23, 2012, as the deadline for filing proofs of claim against the Debtor (the "Bar Date"). The Bar Date Order provided, in part, that (i) all known claimants asserting claims for personal injury and/or property damage against the Debtor; and (ii) all known persons involved in, or related to, the distribution, manufacture, sale and/or use of the following products: OZOfire® Pourable Gel Fuel and SUREFIRE™ Pourable Gel Fuel products; and Pourable NAPAfire™ and FIREGEL™ Gel Fuel products were required to file a proof of claim in accordance with the Bar Date Order on or before the Bar Date or be forever barred, estopped, and enjoined from asserting such claim against Debtor and the Debtor's bankruptcy estate (or filing a proof of claim in the Chapter 11 Case with respect thereto).

6.  The notice served pursuant to the Bar date Order provided, in part, as follows:

> **The Bar Date Order applies to all claims against Fuel Barons or its bankruptcy estate, including, but not limited to, claims of Fuel Barons' customers, end consumers, retailers, former employees, and independent contractors, and all persons or entities involved in, or related to, the distribution, manufacture, sale and/or use of the Fuel Gel Products for any and all claims, including, but not limited to, claims for personal injuries, wrongful death, property damage, indemnity, reimbursement, common law contribution, or any other claims or potential claims against Fuel Barons or its bankruptcy estate, no matter how remote or contingent.**

7.  All persons who timely filed claims pursuant to the Bar Order are hereinafter referred to as the "Claimants."

8.  On June 1, 2012, the Debtor filed a motion seeking Court approval of a compromise and settlement reached with Great American E&S Insurance Company ("GAESIC") and certain

claimants (the "Settlement Motion") (Doc. No. 112). If the proposed settlement is approved, insurance policies issued by GAESIC in favor of the Debtor will be rescinded and deemed void *ab initio*.

9. The Settlement Motion is set for hearing on August 9, 2012. *See* Doc. No. 120.

10. On June 22, 2012, the Court entered an Order granting relief from stay to the following Claimants: Bed Bath & Beyond, Inc., Lorsorea Packaging, Inc. Bird Brain, Inc., and Net Health Shops, LLC (the "Stay Relief Order") (Doc. No. 132). The Stay Relief Order provides in relevant part that:

> Movants are authorized to conduct discovery of non-debtor defendants and of individual persons, to the extent non-bankruptcy law otherwise permits, except that the depositions of the principals of the Debtor in their individual capacities shall be combined with the Rule 30(b)(6) depositions of the Debtor. A deposition of Debtor under Federal Rule of Civil Procedure 30(b)(6) as made applicable to these contested matters by Federal Rules of Bankruptcy Procedure 7030 and 9014 shall be scheduled by agreement of Movants, Debtor and Plaintiffs' Steering Committee by August 1, 2012 for an exam date to occur after August 14, 2012 but so as to allow said deposition to conclude no later than September 7, 2012. The examination of Debtors' principals under FRCP 30(b)(6) and otherwise shall be conducted by both counsel to Movants and counsel to any tort claimants who seek to participate. Participating counsel shall reach agreement as to the length of each parties' questioning. Subject to each of the Movant's rights to seek an expansion of the time for the deposition, the deposition shall not continue for more than three (3) consecutive days with each day's examination limited to no more than eight (8) hours. Movants and Debtor's counsel shall agree to a deposition site that is reasonably convenient for Debtor's representatives' appearance. Any party proceeding under California law, may designate this examination as a Persons Most Knowledgeable deposition of Fuel Barons pursuant to California Code of Civil Procedure sections 2125.230, 2026.010 and 2025.

11. On July 11, 2012, the relief granted in the Stay Relief Order was extended to Claimant The Fresh Market, Inc. *See* Doc. No. 139.

12. Prior to the Petition Date, the Debtor took steps to preserve its records on electronic media ("Debtor's Records"). The Debtor has made the Debtor's Records, other than records

386177.doc

subject to attorney client privilege, available to the parties subject to the Stay Relief Order, by providing electronic copies.

13. On July 26, 2012 Debtor reached agreement with the Claimants who were parties to the Stay Relief Order and with The Fresh Market, Inc. to conduct the consolidated Rule 30(b) Deposition of the Debtor will take place on September 5, 6, and 7, 2012. *See* Doc. No. 154.

14. The consolidated Rule 30(b) Deposition of the Debtor along with the Debtor's Records produced are hereafter referred to as the "Consolidated Discovery".

15. The Debtor is currently discussing of extending the terms of the Stay Relief Order to Claimants Home Depot, Inc., Apollo Technologies, Inc., and Essential Ingredients, Inc. so that those persons can also participate in the Consolidated Discovery.

16. The Debtor is currently discussing the terms of a commitment from GAESIC to fund the cost of Debtor's defense counsel to participate in the Consolidated Discovery.

### III.  RELIEF REQUESTED

17. Through filing this Motion, the Debtor seeks entry of an Order, substantially similar to the Order attached hereto as Exhibit "A", setting August 22, 2012, as the deadline for the Claimants to file a responsive pleading[1] in order to participate in the Consolidated Discovery. Any Claimants failing to timely file such responsive pleading shall be forever barred from obtaining any further discovery of the Debtor, including obtaining the Debtor's Records or participating in the Rule 30(b)(6) examination of the Debtor scheduled for September 5, 6, and 7, 2012.

### IV. BASIS FOR RELIEF

18. 11 U.S.C. § 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this

---

[1] Any motion for relief from stay filed prior to August 7, 2012, shall be considered a responsive pleading.

title." Section 105 of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court. *See e.g. Croton River Club, Inc. v. Half Moon Bay Homeowners' Assoc., Inc. (In re Croton River Club)*, 52 F.3d 41, 45 (2nd Cir. 1995).

19. Entry of the proposed Order attached hereto as Exhibit "A" is necessary and appropriate to facilitate the efficient administration of the Debtor's case. In general, the proposed settlement provides that the Debtor's insurance policies with GAESIC for the policy period of January 8, 2011 to January 7, 2012 will be rescinded and void *ab initio* in exchange for payment of $7,000,000.

20. Debtor, subject to final review of recently filed claims, anticipates it will file a motion or plan that provides for settlement of all claims for the period January 8, 2010 to January 7, 2011. Assuming court approval of the settlements, GAESIC will have no further duty to pay claims, defend the Debtor, or respond to discovery requests. Further, no portion of the settlement proceeds is available to fund the costs associated with discovery. Requiring Claimants to participate in Consolidated Discovery will facilitate settlement, the efficient administration of justice, and prevent the Debtor from being in a position where it would need to comply with discovery at substantial expense for which there is no source of payment or defense which would be detrimental to other Claimants as well as the Debtor and its estate. Given these exigencies and the admitted right of Claimants to have an opportunity for discovery, an order requiring Claimants to file a responsive pleading in order to participate in the Consolidated Discovery is appropriate. All Claimants will have a meaningful opportunity to participate in discovery while appropriately eliminating duplicative discovery and avoiding significant complications in the administration of this case that would result if discovery is to be conducted on a piecemeal basis.

21. Under the facts and circumstances of this case, the Debtor submits that there is good cause for the Court to exercise its equitable powers under § 105 and enter the attached proposed Order granting the relief requested herein.

WHEREFORE, the Debtor requests that Court enter the attached Order setting a deadline for the Claimants to file a responsive pleading to participate in the Consolidated Discovery.

Respectfully submitted, this 1st day of August, 2012.

                                LAMBERTH, CIFELLI, STOKES,
                                ELLIS & NASON, P.A.
                                Attorneys for Debtor

                                By:*/s/ Gregory D. Ellis*
                                Gregory D. Ellis
                                Bar No. 245310
                                gellis@lcsenlaw.com
                                Christopher D. Phillips
                                Georgia Bar No. 575913
                                cphillips@lcsenlaw.com

3343 Peachtree Road NE, Suite 550
Atlanta, Georgia 30326-1022
(404)-262-7373 | Telephone
(404)-262-9911 | Facsimile

386177.doc

# EXHIBIT "A"
# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FUEL BARONS, INC., | ) | CASE NO. 12-51650-mgd |
| d/b/a OZOFIRE AND | ) | |
| d/b/a SUREFIRE, | ) | |
|     Debtor. | ) | |
| _____ | ) | |

**ORDER SETTING DEADLINE FOR CLAIMANTS TO FILE RESPONSIVE PLEADING IN ORDER TO HAVE RIGHT TO PARTICIPATE IN CONSOLIDATED DISCOVERY**

On August 1, 2012, Fuel Barons, Inc. d/b/a Ozofire, d/b/a Surefire, debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor") filed a motion requesting that the Court set a deadline for all claimants having filed a proof of claim on or before July 23, 2012, (collectively, the "Claimants") to file a responsive pleading in order to participate in consolidated discovery or otherwise be prohibited from obtaining further discovery of the Debtor (the "Motion") (Doc. No. \_\_\_\_). The Motion is available for review in the Clerk's Office, United States Bankruptcy Court, during normal business hours or online at ***http://ecf.ganb.uscourts.gov***

386177.doc

(registered users) or at *http://pacer.psc.uscourts.gov* (unregistered users).  The Court having considered the Motion and for good cause shown, it is hereby

**ORDERED** that the Motion is GRANTED subject to written objection, stating the grounds therefor, on or before the close of business[2] August 22, 2012, with the Clerk, U. S. Bankruptcy Court, 1340 U. S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303-3367. If any objection is filed, a hearing on the Motion will be held in Courtroom 1201, United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303, on August 23, 2012, at 10:30 a.m. It is further

ORDERED that any Claimant wishing to participate in and obtain discovery from the Debtor who has not filed a motion for relief from stay as of August 7, 2012:

1. **Must file** a responsive pleading in order to participate (the "Participation Notice") on or before the close of business August 22, 2012, with the Clerk, U. S. Bankruptcy Court, 1340 U. S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303-3367; and

2. **Must serve** a copy of Participation Notice on counsel for the Debtor, Gregory D. Ellis, 3343 Peachtree Road, N.E., East Tower, Suite 550, Atlanta, Georgia 30326-1022.

**Any Claimant that fails to timely file its Participation Notice on or before August 22, 2012 shall forever barred, estopped, and enjoined from seeking or obtaining discovery of the Debtor and the Debtor's bankruptcy estate.** It is further

---

[2] Objections filed electronically may be filed up to 11:59:59 p.m.  All other objections must be filed by delivery to the Clerk's Office at or before 4:00 p.m.

2                                          386177.doc

**ORDERED** that the entry of this Order is not a determination of, evidence of, nor an admission of insurance coverage and shall have no effect on the rights of Great American E&S Insurance Company. It is further

**ORDERED** that Debtor's attorney shall within two business days of entry of this order serve a copy of this Order upon the U.S. Trustee, Claimants, and all parties in interest which have filed a notice of appearance in this case and shall file a certificate of such service within three days thereafter.

[END OF DOCUMENT]

**Prepared and Presented by:**

LAMBERTH, CIFELLI, STOKES,
 ELLIS & NASON, P.A.
Attorneys for Debtor

By:*/s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcsenlaw.com
3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30326-1022
(404) 262-7373


**No Opposition:**

Donald F. Walton
United States Trustee, Region 21

*/s/ Martin P. Ochs with express permission*
Martin P. Ochs
NY Bar No. MO-1203
Georgia Bar Number 091608
United States Department of Justice
Office of the United States Trustee
362 Richard B. Russell Building
75 Spring Street, SW

Atlanta, Georgia  30303
(404) 331-4437
martin.p.ochs@usdoj.gov

**Identification of parties to be served pursuant to BLR 9013-2(b) NDGa.**:

Gregory D. Ellis
Lamberth, Cifelli, Stokes, Ellis & Nason, P.A.
3343 Peachtree Road, N.E.
Suite 550
Atlanta, Georgia 30326

Martin P. Ochs
Office of United States Trustee
362 U.S. Courthouse
75 Spring Street, SW
Atlanta, GA 30303

4

386177.doc

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the foregoing DEBTOR'S MOTION FOR ENTRY OF ORDER SETTING DEADLINE FOR CLAIMANTS TO FILE RESPONSIVE PLEADING IN ORDER TO HAVE RIGHT TO PARTICIPATE IN CONSOLIDATED DISCOVERY via electronic mail and by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

> Office of United States Trustee
> c/o Martin P. Ochs
> 362 U.S. Courthouse
> 75 Spring Street, SW
> Atlanta, GA 30303
> martin.p.ochs@usdoj.gov

Dated: August 1, 2012.

> */s/ Christopher D. Phillips*
> Christopher D. Phillips
> Georgia Bar No. 575913
> cphillips@lcsenlaw.com

LAMBERTH, CIFELLI, STOKES
  ELLIS & NASON, P.A.
3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373

5

386177.doc