

**IT IS ORDERED as set forth below:**

**Date: August 15, 2012**  _____

                                                    **Mary Grace Diehl**
                                           **U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 12-51650 |
| FUEL BARONS, INC., | : | CHAPTER 11 |
|     Debtor. | : | JUDGE DIEHL |
| | : | |
| ESSENTIAL INGREDIENTS, INC., | : | |
|     Movant, | : | |
| v. | : | CONTESTED MATTER |
| FUEL BARONS, INC., | : | |
|     Respondent. | : | |

**ORDER ON ESSENTIAL INGREDIENTS, INC.'S
MOTION FOR RELIEF FROM STAY**

    The matter before the Court is Essential Ingredients, Inc.'s Motion for Relief from Stay (the "Motion") (Docket No. 148). The Court finds that sufficient notice of the Motion was given,

and that there is good cause to modify the automatic stay to the extent set forth herein. It is therefore ordered as follows:

1. Debtor Fuel Barons, Inc. (the "Debtor") agrees to produce all its business records or privilege logs detailing those records that Debtor contends are subject to a privilege, all within five business days following entry of this Order.  All discovery, as to Debtor, shall be conducted within the scope authorized by this Order. Essential Ingredients, Inc. ("Essential") reserves the right to later request authority from this Court to propound discovery in addition to that allowed in this Order or to modify the "scope" as may be needed, but Essential's counsel shall first attempt to resolve any such issue with Debtor's counsel and/or Debtor's defense counsel. The rights of Debtor and other parties in interest to oppose such requests are reserved.

2. Essential is permitted, under Fed.R.Bank.P. 7034, to request inspection of the gel fuel samples possessed by the Estate, on a date and at a time to be agreed by the parties.

3. Essential is authorized to conduct discovery of non-debtor defendants and of individual persons, to the extent non-bankruptcy law otherwise permits, except that the depositions of the principals of Debtor in their individual capacities shall be combined with the Rule 30(b)(6) depositions of Debtor. Said combined deposition has been scheduled to commence at the offices of King & Spalding, 1180 Peachtree Street, Atlanta, Georgia 30309 at 8:30 a.m. on September 5, 2012.  The deposition will conclude at 5:30 p.m. and reconvene at 8:30 a.m. the following morning and continue through 5:30 p.m.  The deposition will reconvene at 7:30 a.m. on September 7, 2012 and conclude at 4:00 p.m.  Deponents will be permitted one hour for lunch on the first and second deposition days and one-half hour on day three.  The examination of Debtors' principals under FRCP 30(b)(6) and otherwise shall be conducted by both counsel to

2

Essential and counsel to any tort claimants who seek to participate. Participating counsel shall reach agreement as to the length of each party's questioning.

4. Essential is permitted to serve cross claims or third party claims on Debtor. Essential shall first request that Laurence H. Leavitt of Friedman Gaythwaite Wolf & Leavitt, 25 Pearl Street, Portland, Maine, acknowledge service for Debtor. However, Debtor is not required to respond to those claims, and Debtor shall suffer no prejudice by virtue of its failure to respond to said claims. Specifically, Essential shall not seek to enforce or collect any judgment against Debtor or Debtor's insurers based on their cross claims and/or third party claims except that Essential may file proofs of claims in this Court which shall be adjudicated/liquidated in this Court. Any judgments, verdicts, rulings, or apportionment of damages whether based on cross-claims, third party claims or otherwise, shall not have *res judicata* effect in this bankruptcy case, and the allowed claims, if any, of all creditors shall be determined according to procedures to be established by this Court.

5. In the event Essential serves cross-claims or third-party claims against Debtor seeking apportionment of negligence, contribution and/or indemnity in any current or future lawsuit, subject to applicable rules of evidence, Essential and/or Debtor may use the deposition transcripts of Debtor, Debtor's officers, directors, representatives and/or employees conducted pursuant to this Order in connection with the hearing of any motion or trial of any such cross-claims and/or third-party claims.

6. Any objections in response to discovery taken pursuant to the foregoing paragraphs, including, without limitation, on privileges and confidentiality, are reserved and retained.

7. This Order only permits the discovery against Debtor as set forth above to be conducted within the context of this contested bankruptcy matter and through Fed.R.Bank.P. 9014. The automatic stay pursuant to 11 U.S.C. § 362 continues in full force and effect to prevent Essential from pursuing discovery against Debtor in any other pending civil action. Any unresolved discovery disputes pertaining to such discovery shall be brought within this contested matter. No motions relating to any party's compliance with the terms of this Order, including motions to compel, shall be brought in any other pending civil actions. No discovery of Debtor, by Essential, is being authorized other than as specifically permitted in this Order.

8. This Court expressly finds that there is no just reason for delay in the implementation of this Order and this Order is a final order and is enforceable upon entry. Accordingly, the fourteen (14) day stay imposed by Fed.R.Bankr.P. 4001(a)(3) is hereby modified and shall not apply to the actions contemplated by this Order.

**ORDERED** that, except to the extent this Order specifically modifies the automatic stay of Bankruptcy Code section 362(a), i.e., by authorizing certain discovery set forth herein to occur only within the context of this contested bankruptcy matter, the automatic stay of section 362(a) continues in full force and effect.  No stay relief or stay modification has been granted other than as is expressly stated herein; and it is further

**ORDERED** that, pending any contrary order by this Court, Debtor's liability and umbrella insurance carriers, Great American, is prohibited from disbursing payment of any kind for claims relating to any failure of Debtor's gel fuel products, other than payment of defense costs, in accordance with the terms and conditions of the policies; and it is further

**ORDERED** that the entry of this Order is not a determination of, evidence of, or an admission of insurance coverage and shall have no effect on the rights of Great American E&S Insurance Company.

**[END OF DOCUMENT]**

**Prepared, presented and not opposed by**:

LAMBERTH, CIFELLI, STOKES,
 ELLIS & NASON, P.A.
Counsel for Debtor

By: /s/ Stuart F. Clayton
    Stuart F. Clayton
    Georgia. Bar No. 129743
    SFC@lcsenlaw.com
    Michael J. Bargar
    Georgia Bar No. 645709
    MJB@lcsenlaw.com
3343 Peachtree Rd., NE, Suite 550
Atlanta, Georgia 30326-1009
(404) 262-7373
(404) 262-9911 (Facsimile)

**Consented to by:**

WEINBERG, WHEELER, HUDGINS,
 GUNN & DIAL, LLC
Counsel for Essential Ingredients, Inc.

By:/s/ Brannon J. Arnold
    Thomas D. Allen, Esq.
    Georgia. Bar No. 011992
    tallen@wwhgd.com
    Brannon J. Arnold, Esq.
    Georgia Bar No. 218034
    barnold@wwhgd.com
    Joshua S. Wood, Esq.
    Georgia Bar No. 881696
    jwood@wwhgd.com
3344 Peachtree Rd., NE, Suite 2400
Atlanta, Georgia 30326
(404) 832-9569
(404) 875-9433 (Facsimile)

**Identification of parties to be served pursuant to BLR 9013-2(b) NDGa.:**

Martin P. Ochs, Office of the United States Trustee, 362 Richard B. Russell Federal Building, 75 Spring Street, SW, Atlanta, GA  30303

Vivieon E. Kelley, Office of the United States Trustee, 362 Richard B. Russell Building, 75 Spring Street, SW, Atlanta, GA 30303

Gregory D. Ellis, Lamberth, Cifelli, Stokes, Ellis & Nason, P.A., 3343 Peachtree Rd., NE, Suite 550, Atlanta, GA  30326

Brannon J. Arnold, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Rd., NE, Suite 2400, Atlanta, GA  30326

Laurence H. Leavitt, Friedman, Gaythwaite, Wolf & Leavitt, 25 Pearl Street, P.O. Box 4726, Portland, ME 04112

John Collen, Tressler, LLP, 233 South Wack Drive, 22nd Floor, Chicago, IL 60606

Case 12-51650-mgd    Doc 192    Filed 08/15/12    Entered 08/15/12 15:04:57    Desc Main
Document - Motion for Relief from Stay    Page 7 of 7

7