UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FUEL BARONS, INC., | ) | CASE NO. 12-51650-mgd |
| d/b/a OZOFIRE AND | ) | |
| d/b/a SUREFIRE, | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FUEL BARONS, INC., | ) | |
| d/b/a OZOFIRE AND | ) | |
| d/b/a SUREFIRE, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | |
| ESSENTIAL INGREDIENTS, INC. | ) | |
| (Claim Number 161), | ) | |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**NOTICE OF REQUIREMENT OF RESPONSE TO DEBTOR'S OBJECTION TO ALLOWANCE OF PROOF OF CLAIM NUMBER 161 FILED BY ESSENTIAL INGREDIENTS, INC.; OF DEADLINE FOR FILING RESPONSE; AND OF HEARING WITH RESPECT THERETO**

    **PLEASE TAKE NOTICE** that Fuel Barons, Inc. d/b/a Ozofire, d/b/a Surefire, debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor"), has filed "DEBTOR'S OBJECTION TO ALLOWANCE OF PROOF OF CLAIM NUMBER 161 FILED BY ESSENTIAL INGREDIENTS, INC." (the "Objection") and seeks entry of an order sustaining the Objection. The Objection is being served with this Notice.

    **Your rights may be affected. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

    If you do not want the Court to grant the relief requested, or if you want the Court to consider your views, then **on or before November 12, 2012,**[1] you or your attorney must:

---

[1] Objections filed electronically may be filed up to 11:59:59 p.m. All other objections must be filed by delivery to the Clerk's office at or before 4:00 p.m.

391919.doc

(1) File with the Court a written response explaining your positions and views as to why the Objection should not be granted. The written response must be filed at the following address:

> Clerk, United States Bankruptcy Court
> 75 Spring Street SW, Room 1340
> Atlanta, Georgia 30303

If you mail your response to the Clerk for filing, you must mail it early enough so that the Clerk will **actually receive** it on or before the date stated above; and

(2) Mail or deliver a copy of your written response to the Debtor's counsel at the address stated below. You must attach a Certificate of Service to your written response stating when, how, and on whom (including addresses) you served the response.

If neither you nor your attorney files a timely response, the Court may decide that you do not oppose the relief sought in the Objection, in which event the hearing scheduled below may be canceled and the Court may enter an order granting the Objection without further notice and without a hearing.

NOTICE IS FURTHER HEREBY GIVEN that if you or your attorney file a timely response, then a hearing on the Objection will be held **on November 16, 2012 at 10:00 a.m. in Courtroom 1201 of the United States Courthouse, 75 Spring Street SW, Atlanta, Georgia 30303.** You or your attorney must attend the hearing and advocate your position.

Bankruptcy Local Rule 3007-1(c) governs this notice of requirement of response.

Dated: October 9, 2012.

                                            LAMBERTH, CIFELLI, STOKES,
                                             ELLIS & NASON, P.A.
                                             Attorneys for the Debtor

                                             By:*/s/ Christopher D. Phillips*
                                                Christopher D. Phillips
                                                Georgia Bar No. 575913
                                                cphillips@lcsenlaw.com

3343 Peachtree Road, N.E.
East Tower, Suite 550
Atlanta, Georgia 30326-1022

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FUEL BARONS, INC., | ) | CASE NO. 12-51650-mgd |
| d/b/a OZOFIRE AND | ) | |
| d/b/a SUREFIRE, | ) | |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| FUEL BARONS, INC., | ) | |
| d/b/a OZOFIRE AND | ) | |
| d/b/a SUREFIRE, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | |
| ESSENTIAL INGREDIENTS, INC. | ) | |
| (Claim Number 161), | ) | |
| | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**DEBTOR'S OBJECTION TO ALLOWANCE OF PROOF OF CLAIM NUMBER 161
FILED BY ESSENTIAL INGREDIENTS, INC.**

COMES NOW Fuel Barons, Inc. d/b/a Ozofire, d/b/a Surefire, debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor"), and files "Debtor's Objection to Allowance of Proof of Claim Number 161 Filed by Essential Ingredients, Inc." (the "Objection"), respectfully showing as follows:

**I.  JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

391919.doc

## II. BACKGROUND

2. Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 24, 2012 (the "Petition Date").

3. In 2009, Fuel Barons began developing a fuel gel, which was designed to be used in certain decorative firepots or "firelites" made by Napa Home & Garden, Inc.

4. Primarily before the Petition Date, certain fire and burn incidents occurred involving the fuel gel and firepots.

5. Numerous lawsuits have been filed in various courts naming the Debtor as either a main case defendant or as a third party defendant and seeking damages as a result of personal injuries suffered from the use of the fuel gel and firepots. Numerous other parties, including vendors and suppliers of Debtor's products, have been named as defendants and co-defendants in the same or similar lawsuits. To the best of the Debtor's knowledge, those suits have yet to conclude and there have been no judgments entered against the Debtor and/or the co-defendants.

6. On June 1, 2012, the Debtor filed its motion to approve a compromise and settlement (the "2011 Policy Motion") (Doc. No. 112) reached with its insurance carrier, Great American E&S Insurance Company ("GAESIC") regarding policies covering the period January 8, 2011 to January 8, 2012. Included in the terms of such settlement was that GAESIC agreed to pay $7,000,000 (the "Settlement Fund") to the bankruptcy estate with the express understanding that the parties would implement procedures to allocate the Settlement Funds for distribution to allowed Covered Claims[2] involving bodily injury or property damage caused by fuel gel manufactured by the Debtor. *See* § 4.1(i) of Settlement Agreement & Release, Exhibit "A" to Settlement Motion.

---

[2] "Covered Claims" is defined in the agreement between the parties as claims related to occurrences of "bodily injury" and "property damage," as those terms are defined in Debtor's rescinded 2011 policies with GAESIC, and subject to all the terms and conditions of those policies.

7. The 2011 Policy Motion was approved by an Order entered August 14, 2012. *See* Doc. No. 189.

8. On September 12, 2012, the Debtor filed a motion (the "2010 Policy Motion") (Doc. No. 269) seeking approval of the Debtor's separate settlement of fourteen damage claims covered by insurance policies issued by GAESIC with policy periods ending on January 8, 2011. The Court has yet to rule on the 2010 Policy Motion.

### III. CLAIMS

9. On April 16, 2012, the Court entered an Order and Notice (the "Bar Date Order") (Doc. No. 84) establishing July 23, 2012 as the deadline for filing proofs of claim against the Debtor (the "Bar Date").

10. Numerous individuals have filed personal injury, wrongful death, and/or property damage claims against the Debtor (collectively, the "Personal Injury Claimants"). A majority of the Personal Injury Claimants also filed claims in the bankruptcy case of Napa Home & Garden, Inc. (Case No. 11-69828-mgd; the "Napa Bankruptcy") which claims were liquidated in the Napa Bankruptcy by a third party neutral for $329,009,744. Virtually all of the claims allowed in the Napa Bankruptcy will be claims against the Debtor. The distributions to be made in this bankruptcy case will be sufficient to pay only a fraction of the value of the claims held by the Personal Injury Claimants based on the value assigned to those claims in the Napa Bankruptcy.

11. Claims filed in this bankruptcy case by trade creditors and customers for return merchandise total approximately $170,000. Priority claims have been filed for approximately $13,500. The Debtor believes that most if not all of the claims filed as priority claims are not entitled to priority status.

3

12. Other claims filed against the Debtor are the unliquidated claim of Debtor's liability insurer, unliquidated personal injury claims, and contingent and unliquidated claims of vendors and suppliers of Debtor's products seeking indemnification, reimbursement, or contribution from the Debtor (the "Unliquidated, Contingent Claim").

13. Among the Unliquidated Contingent Claims is the claim of Essential Ingredients, Inc. ("Respondent"). Specifically, Respondent filed claim number 161 (the "Claim") on July 23, 2012, asserting an unliquidated general unsecured claim, while specifically stating that it is "entitled to indemnification for all such claims and related costs of defenses, attorneys' fees and court and other costs pursuant to principles of law." *See* Proof of Claim Addendum.

### IV. RELIEF REQUESTED

14. By this objection, the Debtor seeks entry of an Order disallowing the Claim pursuant to 11 U.S.C. § 502(e)(1)(B).

### V. BASIS FOR RELIEF

15. 11 U.S.C. § 502(e)(1)(B) provides, in pertinent part, that:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that—
>
> (B) such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution[.]

16. Section 502(e)(1)(B) serves two primary purposes. This first is "to preclude redundant recoveries on identical claims against insolvent estates in violation of the fundamental Code policy fostering equitable distribution among all creditors of the same class." *In re Touch America Holdings, Inc.*, 381 B.R. 95, 109 (Bankr. D. Del. 2008) (*quoting In re Hemingway Transport, Inc.*, 993 F.2d 915, 923 (1st Cir. 1993)). Second, it enables "distribution to unsecured

creditors without a reserve for these types of contingent claims when the underlying contingency may not occur until after the several years it often takes to litigate the underlying lawsuit." *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988); s*ee also Syntex Corp. v. Charter Co. (In re Charter Co.)*, 862 F.2d 1500, 1502-03 (11th Cir. 1989)("the bankrupt's estate should not be burdened by estimated claims contingent in nature").

17. Three elements must exist in order for a claim to be disallowed under section 502(e)(1)(B): "(i) the claim must be contingent, (ii) the claim must be for reimbursement or contribution, and (iii) the debtor and the claimant must be co-liable on the claim." *In re Touch America Holdings, Inc.,* 409 B.R. 712, 715–16 (Bankr.D.Del.2009); *see also In re APCO Liquidating Trust,* 370 B.R. 625, 631 (Bankr.D.Del.2007) (quoting *In re Provincetown–Boston Airlines, Inc.,* 72 B.R. 307, 309 (Bankr.M.D.Fla.1987)).

18. Each element required for disallowance of the Claim under § 502(e)(1)(B) exists here. As to the first element, "[a] claim is contingent until the claimant has both incurred liability and made payment on that liability." *In re Caribbean Petroleum Corp.*, 10-12553 KG, 2012 WL 1899322 (Bankr. D. Del. May 24, 2012); *APCO,* 370 B.R. at 636; *In re Pinnacle Brands, Inc.,* 259 B.R. 46, 55 (Bankr.D.Del.2001). Further, the determination of whether the claim is contingent is made at the time of allowance or disallowance of the claim, which courts have established is the date of the ruling." *In re APCO Liquidating Trust*, 370 B.R. 625, 636 (Bankr. D. Del. 2007). The Claim does not evidence that Respondent has incurred a liability or made payment on any liability. Accordingly, Respondent's Claim is contingent. As to the second element, Respondent describes the Claim as being one for indemnity, and it is well settled that indemnification claims are disallowable under section 502(e)(1)(B) because they are functionally the same as claims for reimbursement or contribution identified in the statute. *See*

5

*In re Caribbean Petroleum Corp.,* 10-12553 KG, 2012 WL 1899322 (Bankr. D. Del. May 24, 2012)(quoting *In re GCO, LLC,* 324 B.R. 459, 465 (Bankr.S.D.N.Y.2005)). As to the final element, "[c]o-liability under section 502(e)(1)(B) is a broad concept that includes 'all situations wherein indemnitors or contributors *could be* liable with the debtor....'" *In re Caribbean Petroleum Corp.*, 10-12553 KG, 2012 WL 1899322 (Bankr. D. Del. May 24, 2012)*(citing In re Chemtura Com.,* 436 B.R. 286, 295–96 (Bankr.S.D.N.Y.2010)). This element exists because Respondent seeks indemnification for claims asserted by third parties who are asserting that the Debtor is also liable for the claims.

19. Section 502(e)(1)(B) is directly applicable here because absent disallowance of the Claim and others like it, the Debtor will be forced to delay distribution and indefinitely reserve significant assets on account of the contingent and possibly duplicative claims of Respondent and others that may only be liquidated after years of litigation, if ever. This delay will prejudice the Personal Injury Claimants.

## VI. RESPONSE TO OBJECTION

20. A separate document entitled "Notice of Requirement of Response to Debtor's Objection to Allowance of Proof of Claim Number 161 Filed by Essential Ingredients, Inc.; of Deadline for Filing Response; and of Hearing with Respect Thereto" (the "<u>Notice</u>") is enclosed with this Objection. Respondent should read the Notice carefully and follow the directions set forth therein. If no response to the Objection is timely filed by Respondent or its attorney, the Court may enter an Order disallowing the Claim without further notice or hearing.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

a) Sustaining the Objection;

b) Denying and disallowing the Claim in its entirety; and

    c) Granting such other and further relief as is deemed just and proper.

Respectfully submitted, this 9th day of October, 2012.

                        LAMBERTH, CIFELLI, STOKES,
                        ELLIS & NASON, P.A.
                        Attorneys for Debtor

                        By:*/s/ Christopher D. Phillips*
                        Gregory D. Ellis
                        Bar No. 245310
                        gellis@lcsenlaw.com
                        Christopher D. Phillips
                        Georgia Bar No. 575913
                        cphillips@lcsenlaw.com

3343 Peachtree Road NE, Suite 550
Atlanta, Georgia 30326-1022
(404)-262-7373 | Telephone
(404)-262-9911 | Facsimile

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a true and correct copy of the foregoing

1. NOTICE OF REQUIREMENT OF RESPONSE TO DEBTOR'S OBJECTION TO ALLOWANCE OF PROOF OF CLAIM NUMBER 161 FILED BY ESSENTIAL INGREDIENTS, INC.; OF DEADLINE FOR FILING RESPONSE; AND OF HEARING WITH RESPECT THERETO; AND

2. DEBTOR'S OBJECTION TO ALLOWANCE OF PROOF OF CLAIM NUMBER 161 FILED BY ESSENTIAL INGREDIENTS, INC**.**

by email (as indicated) and by depositing same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

> Office of United States Trustee
> c/o Martin P. Ochs
> 362 U.S. Courthouse
> 75 Spring Street, SW
> Atlanta, GA 30303
>
> Thomas D. Allen
> Brannon J. Arnold
> Joshua S. Wood
> Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
> 3344 Peachtree Road
> Suite 2400
> Atlanta, GA 30326
>
> Thomas D. Allen
> tallen@wwhgd.com
>
> Brannon J. Arnold
> barnold@wwhgd.com
>
> Joshua S. Wood
> jwood@wwhgd.com
>
> Essential Ingredients, Inc.
> Christopher R. Maynard, CEO
> 3300 Jim Moore Rd.
> Dacula, GA 30019

391919.doc

           Essential Ingredients, Inc.
           c/o Scott K. Harris
           Three Ravinia Drive
           Suite 1450
           Atlanta, GA 30346-2131

Dated: October 9, 2012.

                */s/ Christopher D. Phillips*
                Christopher D. Phillips
                Georgia Bar No. 575913
                cphillips@lcsenlaw.com

LAMBERTH, CIFELLI, STOKES
  ELLIS & NASON, P.A.
3343 Peachtree Road NE, Suite 550
Atlanta, GA 30326-1022
(404) 262-7373